**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY SHELLEY<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER ACADEMY, *et al.*,<br><br>　　　　Defendants. | Civil Action No.: 19-20751<br><br>**OPINION** |

**CECCHI, District Judge.**

**INTRODUCTION**

This matter comes before the Court on defendants' Christopher Academy and Christopher Academy of Pre-School Learning, Inc. (together, "Christopher Academy Defendants") motion to dismiss the complaint (the "Motion"). ECF No. 7.  *Pro se* plaintiff Timothy Shelley ("Plaintiff") opposed the Motion (ECF No. 10) and Defendants replied in support (ECF No. 11).  Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure, this matter is decided without oral argument. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff filed the complaint (the "Complaint") in this action on November 25, 2019, asserting claims for sexual battery, false imprisonment, negligence, and intentional infliction of emotional distress. ECF No. 1 at 4.  The Complaint states that "[f]rom 1974 to 1975, when Plaintiff was five years old, Plaintiff was a student at Christopher Academy in Westfield, New Jersey. Plaintiff was sexually assaulted and battered by employees and agents of Christopher Academy." Id.  Plaintiff asserts that equitable tolling applies to his claims as "Defendants drugged and traumatized Plaintiff, blocking his memory of the assaults to evade criminal and

1

civil liability, and he could not have discovered [] the wrongs done to him until 2018, when ugly memories came flooding back." Id. The Complaint names as defendants the Christopher Academy (located in Westfield, the New Jersey), the Christopher Academy of Pre-School Learning, Inc., (located in Scotch Plains, New Jersey), and the American Montessori Society (located in New York, New York). Id at 2.  Plaintiff indicated in his reply, however, that he has not served the American Montessori Society and wishes to drop them from this lawsuit. ECF No. 10 at 15.

Christopher Academy Defendants argue that the Complaint must be dismissed for failure to state a claim upon which relief can be granted as "Plaintiff does not state when this event happened, how many times he was allegedly abused, where the incident occurred, who perpetrated the abuse, whether any witnesses were present, nor does he include any specific details about the alleged event." ECF No. 7-2 at 1.  Christopher Academy Defendants also argue that the Complaint's assertion of an agency relationship[1] and equitable tolling are unsupported by factual allegations and must be rejected.

**LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual

---

[1] The Christopher Academy Defendants' argument with respect to an agency relationship between the American Montessori Society and the Christopher Academy Defendants is now moot as Plaintiff indicated in his reply that he longer wishes to pursue this action against the American Montessori Society. ECF No. 10 at 15.

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotation marks omitted).

**DISCUSSION**

The Court agrees with Christopher Academy Defendants that the Complaint must be dismissed at this time. While Plaintiff attributes the lack of factual allegations in the Complaint to being drugged during the alleged assault and trauma stemming from the incident, there is not enough factual detail to raise Plaintiff's right to relief beyond a speculative level at this time. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Plaintiff alleges that at some point between 1974 and 1975, when he was five years old, he was drugged and assaulted at Christopher Academy in Westfield, New Jersey. ECF No. 1 at 4. Plaintiff does not identify who allegedly assaulted him or when the assault occurred. He also does not state if: the person or persons who assaulted him worked at Christopher Academy, he spoke to anyone about the alleged assault at the time or in the forty-five years since it occurred, there was a failure to investigate employees by Christopher Academy Defendants, any complaints about sexual assault were reported to Christopher Academy Defendants, there was any other reason

3

why Christopher Academy Defendants should be held liable for the alleged assault, or if he has sought information from the Christopher Academy Defendants or non-parties regarding the alleged incident. Without sufficient allegations, the Complaint must fail as it only recites legal claims and conclusory statements. *See Fowler*, 578 F.3d at 211 (citations and quotation marks omitted) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.").

Similarly, Plaintiff provides no facts to support equitable tolling and simply states that "Plaintiff did not realize, and could not have discovered, the wrongs done to him until 2018, when ugly memories came back." ECF No. 1 at 4. This blanket statement, unsupported by facts, is again insufficient to plausibly support tolling Plaintiff's claims for over forty years. Plaintiff has not alleged why he could not have discovered the alleged assault until 2018, why he was able to discover the assault in 2018, what actions the Christopher Academy Defendants took to conceal the assault, or what steps he has taken to ascertain details of the alleged assault since he was able to remember it in 2018. Plaintiff is therefore not entitled to equitable tolling at this time based solely on his assertion that he could not have discovered his claims until 2018. *See Webb v. Perkiomen Sch.*, 349 F. App'x 675, 677 (3d Cir. 2009) ("[E]quitable tolling occurs where the defendants have intentionally misinformed or concealed information from the plaintiff."); *Betteridge v. Genuardi's Family Markets, L.P.*, No. 10-6521, 2011 WL 5196712, at *3 (D.N.J. Oct. 31, 2011) ("Plaintiff must explain why he reasonably could not have discovered his cause of action in time to comply with the limitation period in order to justify the tolling of the statute of limitations.").

Should Plaintiff wish to amend his complaint in this matter, he must allege facts which support his claim that he was assaulted and that he was unable to recall the alleged assault until 2018.

4

**CONCLUSION**

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order accompanies this Opinion.

**SO ORDERED.**

**DATE:** September 22, 2020                                     *S/ Claire C. Cecchi*
                                                                                    **CLAIRE C. CECCHI, U.S.D.J.**