NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIMOTHY SHELLEY,<br><br>          Plaintiff,<br><br>v.<br><br><br>CHRISTOPHER ACADEMY AND<br>CHRISTOPHER ACEMDY OF PRE-SCHOOL<br>LEARNING, INC.,<br><br>          Defendants. | Civil Action No.: 19-20751<br><br><br><br>**OPINION** |

**CECCHI, District Judge.**

      This matter comes before the Court on the motion to dismiss plaintiff Timothy Shelley's ("Plaintiff") First Amended Complaint (ECF No. 16, "FAC") filed by defendants Christopher Academy and Christopher Academy of Pre-School Learning, Inc. ("Defendants") pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) (ECF No. 18). Plaintiff opposed Defendants' motion (ECF No. 20), and Defendants replied (ECF Nos. 19, 23).[1] The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is granted.

---

[1] While Plaintiff filed his opposition more than 14 days after Defendants filed their pending motion in contravention of L. Civ. R. 7.1(d)(2), the Court nevertheless has considered each of the parties' submissions in connection with this matter.

I.     **BACKGROUND**

   a.  **Factual Background**

*Pro se* Plaintiff, a male in his early 50's, brings this negligence action against Defendants in connection with their alleged failure to protect him from repeated instances of molestation that Plaintiff claims took place on the premises of the pre-school that he attended in the mid-1970s. Further, Plaintiff asserts that he enjoyed an "invitee" status on the school's premises as his parents paid the school tuition on his behalf, and that Defendants breached their duty to protect him when the school "allowed him to be sexually assaulted and battered on [their] premises" by an unnamed female teacher and a "male visitor." *See* FAC at 7–11. Although these allegations took place over 40 years ago, Plaintiff avers that he did not have any memory the alleged assaults until 2018.

Plaintiff alleges that he was first assaulted in October 1974 after a teacher interrupted Plaintiff's class to inform him that an "'important visitor' wanted to speak with him." *Id.* at 6. Plaintiff alleges that the teacher then drugged him with a "liquid, orangish-pink in color, in a small flat-bottom throw-away paper cup." *Id.* Plaintiff further alleges that, after he awoke, the visitor sexually assaulted him. *Id.* at 7. Plaintiff contends that, later that fall, the visitor drugged and sexually assaulted him in a similar manner—including with aid from the teacher. *Id.* at 8, 11. While Plaintiff alleges that Defendants failed to "protect" him from these assaults, he does not allege that Defendants were, or should have been, aware of any allegations of assault on the school's premises, including against the teacher or the visitor.

Plaintiff attempts to explain his lack of memory of these assaults by alleging that, following the first instance of assault, he "drew a picture of a spider on a small chalkboard, which frightened him, [such that] he did not recall anything further" about the abuse at the school for several years.

FAC at 8.  Plaintiff further claims that, as a result, he "did not remember" the alleged assaults until 2018.  ECF No. 20 at 2 ("Opp.").

The Court notes that two days after Plaintiff brought his initial Complaint in this case, he brought a strikingly similar tort action against a summer camp that he attended during the mid-1970's.  *Shelley v. Linden High School and Linden Public Schools*, ECF No. 19-20907, ECF No. 1 (D.N.J. 2019).  In that case, Plaintiff alleged, like here, that he was drugged with an "orange liquid" and sexually assaulted by a man while attending a school-sponsored event, and that, as a result of the alleged trauma, Plaintiff "did not [remember]" the alleged assault until 2018.  *Id.*; ECF No. 19-20907, ECF No. 27.  On November 2, 2020, U.S. District Judge John Vazquez dismissed Plaintiff's action because Plaintiff's complaint did "not include factual allegations as to what duty the [defendants] owed Plaintiff and how the [defendants] breached that duty."  *Shelley*, ECF No. 19-20907, ECF No. 24 at 5 (D.N.J. 2020).  Judge Vazquez subsequently dismissed Plaintiff's amended complaint on the same grounds.  ECF No. 19-20907, ECF No. 39.

Plaintiff also maintains a personal blog in which he alleges that he and his family were drugged and sexually assaulted by various figures—including by supernatural beings and CIA operatives—on numerous other occasions.[2]  *See* ECF No. 18-2 at 12–15 (alleging sexual assault allegations concerning CIA operatives, a man from Zimbabwe, "Wonder Woman," and white supremacists).  Aside from these allegations of sexual assault, Plaintiff's blog also contains posts that purport to effectuate government conspiracy theories regarding, for example, the holocaust.  *Id.* at 32.

---

[2] The parties neither dispute the existence of Plaintiff's blog posts, nor that several of his blog posts include allegations of sexual assault.  In fact, in opposition to Defendants' motion to dismiss, Plaintiff referenced his blog posts while asserting that he previously detailed "other events that happened at Christopher Academy."  ECF No. 20 at 3.

3

### b. Procedural Background

Plaintiff brought his initial Complaint in this matter on November 25, 2019. ECF No. 1. This Court dismissed Plaintiff's initial Complaint for failing to state a claim for relief, finding that "Plaintiff does not identify who allegedly assaulted him or when the assault occurred. He also does not state if: the person or persons who assaulted him worked at Christopher Academy, he spoke to anyone about the alleged assault at the time or in the forty-five years since it occurred, there was a failure to investigate employees by Defendants, any complaints about sexual assault were reported to Defendants, there was any other reason why Defendants should be held liable for the alleged assault, or if he has sought information from Defendants or non-parties regarding the alleged incident." ECF No. 14.

Subsequently, on October 15, 2020, within two years of allegedly remembering the assaults, Plaintiff brought the FAC against Defendants, asserting that Defendants committed negligence under a premises liability theory by failing to "protect" him. ECF No. 16.

## II. LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

Because Plaintiff is proceeding *pro se*, however, the Court construes the Complaint liberally and holds it to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III. **DISCUSSION**

    a. **Failure to State a Claim**[3]

Defendants assert that dismissal of Plaintiff's action is warranted under Rule 12(b)(6) because, among other reasons, (1) Plaintiff has failed to articulate any duty that Defendants owed to him, and, to the extent that he has articulated a duty, he has nevertheless failed to allege that Defendants breached such a duty, and (2) Defendants are immune from suit under the Charitable Immunity Act, N.J.S.A. 2A:53A–7.[4]  *See generally* ECF No. 18.

---

[3] As a preliminary matter, contrary to Defendants' argument (ECF No. 18 at 16), the Court retains subject matter jurisdiction over the FAC pursuant to 28 U.S.C § 1332(a) as (1) there is complete diversity of citizenship between the parties and (2) Plaintiff has adequately pleaded over $75,000 in damages. *See Higgins v. Wells Fargo Bank, N.A.*, No. 15-1409, 2017 WL 1086327, at *5 (D.N.J. Mar. 21, 2017).

The Court also notes that Plaintiff's claim is considered timely at this stage. While negligence actions ordinarily fall under the two-year statute of limitations period of N.J. Stat. Ann. § 2A:14–2(a), a plaintiff may still toll the statute of limitations by explaining why he "reasonably could not have discovered [his] cause of action in time to comply with the limitation period." *Phillips v. Gelpke*, 190 N.J. 580, 595–96 (2007) (describing New Jersey's "discovery rule"). Here, as in other childhood sexual assault cases, Plaintiff's argument as to timeliness, which "consists of 'I forgot, and then I remembered,'" is sufficient as the credibility of Plaintiff's memory is "an issue for the jury to decide." *Doe v. R.J.L.*, No. 4640-16, 2018 WL 1955063, at *6 (N.J. Super. Ct. App. Div. Apr. 26, 2018) (citations omitted).

[4] As noted above, the Court previously dismissed Plaintiff's initial Complaint (ECF No. 14), which asserted sexual battery, false imprisonment, intentional infliction of emotional distress, and negligence claims against Defendants and the American Montessori Society (ECF No. 1). In the FAC, Plaintiff no longer lists the American Montessori Society as a defendant and asserts that he has "drop[ped]" all of his claims "except those for negligence . . . and any [others] stated [in the FAC]." FAC at 5. Insofar as Plaintiff still brings his intentional tort claims against Defendants,

While Plaintiff purports that his negligence claim is separate from his premises liability claim, the Court treats these as "one claim." *See Jackson-Locklear v. William Patterson Univ.*, No. 16-5449, 2018 WL 1942521, at *3–4 (D.N.J. Apr. 24, 2018) ("premises liability" is not a cause of action under New Jersey law, but, rather, a theory in which a plaintiff may bring a negligence claim) (citations omitted). To establish such a claim, Plaintiff must plead four elements: "(1) a duty of care; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages." *Id.* Here, the critical issue is whether Plaintiff has alleged sufficient facts demonstrating that Defendants owed him a duty of care, that is, whether the school should have reasonably foreseen the assaults that Plaintiff, an invitee, allegedly suffered at the hands of the visitor. *See id.* ("In premises liability cases, courts consider several factors to determine the duty of care owed, including the relationship of the parties, the nature of the attendant risk, a defendant's opportunity and ability to exercise reasonable care, and public policy considerations.") (citations omitted).

Plaintiff has asserted no plausible allegations that Defendants "were or should have been aware" that their employees or visitors were inclined to assault Plaintiff or any of his classmates at the school, and, therefore, that Defendants owed Plaintiff such a duty of care. *See id.* (dismissing negligence claim against a college fraternity where the plaintiff, who was assaulted by one of the fraternity's members at a party, failed to allege that the fraternity "w[as] or should have been

---

Plaintiff has failed to state a claim for relief. First, Plaintiff's intentional tort claims could only be recognized under a *respondeat superior* theory of liability as Defendants are not alleged to have assaulted Plaintiff. Second, even under the doctrine of *respondeat superior*, Defendants are not liable for the torts that their employee committed "beyond the scope of [her] employment." *Brijall v. Harrah's Atl. City*, 905 F. Supp. 2d 617, 622 (D.N.J. 2012); *see also Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 216 (3d Cir. 2017) ("[T]he general rule is that sexual harassment committed by [an employee] is not conduct within the scope of employment.") (citations omitted). And, here, Defendants' employee, the teacher, would have acted "beyond the scope of her employment" if she aided and abetted the visitor to assault Plaintiff.

6

aware" that its member-assailant "was a risk to women"). Indeed, noticeably missing from Plaintiff's FAC are allegations that Defendants ever received assault-related complaints asserted against teachers and/or visitors at the school, and, to the extent that it did, that Defendants failed to investigate and subsequently prevent such incidents. Instead, Plaintiff merely alleges that Defendants "had a duty to protect Plaintiff, a five-year-old child . . . [and] an invitee . . .whose parents paid [tuition,] which they breached when they allowed him to be sexually assaulted and battered on their premises." FAC at 9–10.

Further, even assuming *arguendo* that Plaintiff has adequately pleaded that Defendants owed him such a duty of care, he has nonetheless failed to allege that Defendants breached their duty. In other words, considering Defendants' lack of notice regarding any assaults that occurred on the school's campus, Plaintiff has failed to allege that they "unreasonably" failed to protect him. *Ramirez v. United States*, 998 F. Supp. 425, 435 (D.N.J. 1998) (describing "breach" element of a negligence claim). Accordingly, as this Court previously held in dismissing Plaintiff's initial Complaint (ECF No. 14 at 4), Plaintiff's negligence claim warrants dismissal because his conclusory allegations do not state a cause of action. *Seinfeld v. O'Connor*, 774 F. Supp. 2d 660, 667 (D. Del. 2011) ("[C]onclusory and implausible allegations do not state a cause of action on which relief may be granted.").

Finally, in addition to not being adequately pleaded, Plaintiff's negligence claim is barred under the Charitable Immunity Act. N.J.S.A. 2A:53A–7(a). An entity enjoys charitable immunity against negligence claims where the entity "(1) was formed for nonprofit purposes; (2) is organized exclusively for religious, charitable or educational purposes; and (3) was promoting such objectives and purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works." *Borovskaia v. Bd. of Educ. of Perth Amboy*, No. A-2929-14T1, 2016 WL

7

6091258, at *4 (N.J. Super. Ct. App. Div. Oct. 19, 2016) ("The [Act's] grant of immunity is to be applied liberally.").

Here, Plaintiff brings a negligence action, and it is undisputed that Defendants are (1) non-profit organizations, (2) organized exclusively for educational purposes, and (3) at the times at issue, Plaintiff was a "beneficiary of the educational purpose of the school." ECF No. 18 at 14. Although the Act does not immunize charitable entities against claims of "gross negligence," *Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 97 (2006), Plaintiff has failed to adequately allege even simple negligence. Accordingly, as currently pleaded, Defendants are immune from Plaintiff's negligence claim under the Act.

### IV.    CONCLUSION

Thus, for the reasons set forth above, the Court grants Defendants' motion to dismiss (ECF No. 18) and the FAC is dismissed without prejudice. An appropriate Order accompanies this Opinion.

**DATE:**  July 27, 2021.

*[signature]*

**CLAIRE C. CECCHI, U.S.D.J.**